UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Barry Leon Rhodes, # 121117,<br><br>        Petitioner,<br><br>v.<br><br>The State of South Carolina; Henry McMaster,<br><br>        Respondent. | C/A No 9:09-03228-JFA-BM<br><br>REPORT AND RECOMMENDATION |

Barry Leon Rhodes (Petitioner), proceeding *pro se*, brings this action for habeas relief pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Broad River Correctional Institution, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915.

### Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915, the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *see Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

This petition raises issues regarding Petitioner's 1984 conviction and sentence for kidnapping in the Spartanburg County Court of General Sessions. With respect to a state court conviction and sentence, Petitioner's federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971). However, it is unnecessary to address whether Petitioner has exhausted his state court remedies, because this is a successive petition. *See* 28 U.S.C. § 2244(b).

Petitioner has filed three prior § 2254 habeas corpus petitions in this court.[1] The second habeas petition filed by Petitioner challenged his sentence and conviction on the 1984

---

[1] This court may take judicial notice of Petitioner's prior § 2254 cases. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

2

Spartanburg County kidnapping charge, the same conviction being challenged here. *See Rhodes v. State of South Carolina, et. al.*, C/A No. 0:99-01541-JFA. Summary judgment for the respondents was granted on the second habeas petition, and it was dismissed with prejudice as untimely. *Id.* (Report and Recommendation of August 30, 1999, and Order of September 23, 1999, adopting Report and Recommendation). The third § 2254 habeas petition filed by Petitioner also challenged the same 1984 kidnapping conviction and sentence. *See Rhodes v. State of South Carolina, et al.*, C/A No. 0:00-02012-JFA. Petitioner's third habeas petition was dismissed pursuant to Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court as a second or successive petition. *Id.* (Report and Recommendation of July 5, 2000, and Order of July 25, 2000, adopting Report and Recommendation).

This petition is successive as well. While the "AEDPA does not define 'second or successive,'" *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir.2000), the standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See Harvey v. Horan*, 278 F.3d 370 (4th Cir.2002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive). While a dismissal for failure to exhaust administrative remedies is not an adjudication "on the merits," as discussed in *Slack*, a dismissal of a petition as untimely renders a subsequent petition successive because habeas relief is precluded outside of the limitations period in the absence of a valid equitable tolling argument.

Summary judgment for the respondents was granted in Petitioner's second habeas petition because the petition was untimely. *See* C/A No. 0:99-01541-JFA (Report and



3

Recommendation of August 30, 1999, and Order of September 23, 1999, adopting Report and Recommendation). As a result, this § 2254 petition is subject to dismissal under Rule 9 of the Section 2254 Rules;[2] *see Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir.1985); *see also McClesky v. Zant*, 499 U.S. 467 (1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir.1996); *Armstead v. Parke*, 930 F. Supp. 1285 (N.D. Ind.1996); regardless of whether the issues in this petition have been presented before. 28 U.S.C. § 2244(b)(1) ["A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed" ... and "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies.] Petitioner has presented no arguments that relate to any of the statutory exceptions.[3]

In any event, there is no indication that Petitioner has sought leave from the United

---

[2]"Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts.

[3]The exceptions of 28 U.S.C. § 2244(b)(2) are as follows:
(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.



States Court of Appeals for the Fourth Circuit to file this § 2254 petition. In order for this court to consider a second or successive § 2254 petition, petitioner must obtain pre-filing authorization from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277 (4th Cir. 2003); *In re: Fowlkes*, 326 F.3d 542 (4th Cir. 2003); 28 U.S.C. § 2244(b). Without authorization from the United States Court of Appeals for the Fourth Circuit, this court is without jurisdiction to consider this petition. *See United States. v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

Finally, even if this petition were not successive, it would be subject to summary dismissal because it is untimely. A one year statute of limitations for filing habeas petitions is established by statute in 28 U.S.C. § 2244(d). Subsection (d) of the statute reads as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).



5

Petitioner's second § 2254 petition was dismissed with prejudice because it was untimely. *See* C/A No. 0:99-01541-JFA (Report and Recommendation of August 30, 1999, and Order of September 23, 1999, adopting Report and Recommendation). Petitioner offers no theory explaining how this petition could be timely, when the previous petition was not. While a doctrine of equitable tolling sometimes applies to the statute of limitations, any such tolling must be based on "extraordinary circumstances" beyond the inmate's control. *Bilodeau v. Angelone*, 39 F. Supp. 2d 652, 659 n.1 (E.D.Va. 1999). No equitable tolling argument is presented to toll the limitations period that had already expired when the second habeas petition was filed in 1999. In this petition, when Petitioner responded to the inquiry of timeliness, he proffered no "extraordinary circumstances" delaying the filing of this petition. Pet. at 13. Therefore, this petition is untimely.

### Recommendation

Accordingly, it is recommended that this § 2254 petition be dismissed without prejudice and without requiring the respondents to file a return. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); AEDPA.

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

January 7, 2010
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

