UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Barry Leon Rhodes, | ) | C/A No. 9:09-3228-JFA-BM |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Jon Ozmint, | ) | |
| Respondent. | ) | |

The *pro se* petitioner, Barry Leon Rhodes, is an inmate with the South Carolina Department of Corrections at the Broad River Correctional Institution. He has filed this petition under 28 U.S.C. § 2254.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that because this is the fourth § 2254 petition filed by Mr. Rhodes, this court cannot consider a second or successive petition without a pre-filing authorization from the Fourth Circuit Court of Appeals. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on January 8, 2010. He did not file timely objections to the Report.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and 28 U.S.C. § 2244(b)(3)(A), a prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. It appears from the record before this court, that the petitioner has failed to obtain prior authorization from the Fourth Circuit Court of Appeals. Accordingly, this court does not have the appropriate jurisdiction to consider the petition.

After carefully reviewing the applicable law, the record in this case, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge in full and incorporates this Report by specific reference.

Accordingly, the petition is dismissed without prejudice and without issuance and service of process.[2]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

February 3, 2010
Columbia, South Carolina

---

[2] On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).